UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CHAMOLIS MAGEE,         )<br>    Plaintiff,                      )<br>                                       )<br>    v.                                 )<br>                                       )<br>ROB JEFFREYS *et al.*,        )<br>    Defendants.                 ) | Case No. 24-3060 |

ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Motion for Leave to File an Amended Complaint (Doc. 8) filed under 42 U.S.C. § 1983 by Plaintiff Chamolis Magee, an inmate at Danville Correctional Center ("Danville"). Plaintiff also filed a Motion regarding his amended pleading (Doc. 9) and a Motion for Status (Docs. 14).

I.   **Amended Complaint**

Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 8) is granted. The Clerk of the Court is directed to docket Plaintiff's amended pleading.

   **A. Screening Standard**

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing a complaint, the court accepts the factual allegations as accurate, liberally

construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**B. Background**

Plaintiff's initial Complaint (Doc. 1) alleged violations at Western Illinois Correctional Center ("WICC") against the former Director of the Illinois Department of Corrections ("IDOC") Rob Jeffreys, IDOC Director Latoya Hughes, WICC Warden Brittany Greene, Medical Administrator Ashcraft, Nurse Practitioner Clarkson, and Wexford Health Sources, Inc. ("Wexford"). Following the screening of Plaintiff's pleading, the Court determined that Plaintiff failed to state a claim for relief but granted him thirty days to file an amended pleading. (Mer. Rev., Doc. 7 at 4.)

**C. Facts Alleged**

Plaintiff amended pleading names Defendants Clarkson, Greene, Hughes, Jeffreys, and Wexford as Defendants.

Plaintiff was diagnosed with diabetes and hypertension, prescribed several medications, and assigned to a clinic for each condition. Plaintiff claims that he was denied his medications for his chronic conditions for over ninety days, which he finally received in April 2022. In this regard, Plaintiff asserts that Defendant Clarkson failed to ensure Plaintiff received his prescribed medication after he arrived at Western. Plaintiff provides a listing of his medication, which includes Hydrochlorothiazide and Losartan

for hypertension, Glipizide and Metformin for diabetes, Atorvastatin used to lower cholesterol, and Ibuprofen for pain relief. (*Id*. at 11.)

### D. Analysis

Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates 'deliberate indifference to serious medical needs of prisoners.'" *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To succeed on a claim of deliberate indifference to a serious medical need, a plaintiff must satisfy a test that contains both an objective and subjective component. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996).

Under the objective component, a plaintiff must demonstrate that his medical condition is sufficiently severe. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under the subjective component, the prison official must have acted with a "sufficiently culpable state of mind." *Id.* Thus, a plaintiff can establish deliberate indifference by showing that

a defendant "knew of a substantial risk of harm to the inmate and disregarded the risk." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

"A medical professional acting in his professional capacity may be held to have displayed deliberate indifference only if the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Rasho v. Elyea*, 856 F.3d 469, 476 (7th Cir. 2017) (quoting *Sain v. Wood*, 512 F.3d 886, 895 (7th Cir. 2008) (internal quotation marks omitted)).

Plaintiff's account is sufficient to state an Eighth Amendment deliberate indifference claim against Defendant Clarkson. However, Plaintiff does not state plausible claims against Defendants Greene, Hughes, Jeffreys, or Wexford.

Plaintiff's allegations against Defendants Greene, Hughes, and Jeffreys are two-fold. Plaintiff first claims that they are liable because they processed his grievances, which is insufficient. *See Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) ("Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance.").

Plaintiff also claims Defendants Greene, Hughes, and Jeffreys are liable based on their respective supervisory positions as Western's Warden and former and current IDOC Directors. However, § 1983 claims premised on supervisory liability are insufficient. *See Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 1997) ("The doctrine of respondeat superior cannot be used to impose § 1983 liability on a supervisor for the

conduct of a subordinate violating a plaintiff's constitutional rights."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (noting that because vicarious liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Defendant Wexford can be held liable under § 1983 if an unconstitutional act is caused by: "(1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cty. Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2010); *see also Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927-28 (7th Cir. 2004) (stating that the standard for municipal liability in *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658 (1978), applies to corporations as well).

Plaintiff initially claims Wexford is responsible for its employees' refusal to provide him with appropriate medication. However, "[t]he 'official policy' requirement was intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (emphases in original).

Furthermore, to the extent Plaintiff is alleging that Wexford employs a practice of denying medication, Plaintiff cannot base that claim solely on his personal experience. *See Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017) ("At the pleading stage, then,

a plaintiff pursuing this theory must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom.").

## II.    Plaintiff's Remaining Motions

Plaintiff's Motion (Doc. 9) requests that the Court grant his Motion for Leave because Defendants have not filed a response. However, Plaintiff's Motion for Leave is essentially a request to the Court, which does not require any action from Defendants, who have yet to be served in this case and thus are not parties to these proceedings. Therefore, Plaintiff's Motion (Doc. 9) is denied. Plaintiff's Motion for Status (Doc. 14) is moot with the entry of the Court's Order.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 8) is GRANTED. The Clerk of the Court is DIRECTED to docket Plaintiff's amended pleading.**

2) **Plaintiff's Motion for Default Judgment (Doc. 9) is DENIED.**

3) **Plaintiff's Motion for Status (Doc. 14) is MOOT.**

4) **According to the Court's screening of Plaintiff's Complaint [1] under 28 U.S.C. § 1915A, Plaintiff states an Eighth Amendment deliberate indifference claim against Defendant Clarkson. Plaintiff's claim against Clarkson proceeds in his individual capacity only. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

5) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.**

6) **The Court will attempt service on Defendant by mailing Defendant a waiver of**

service. Defendant has sixty days from service to file an Answer. If Defendant has not filed Answers or appeared through counsel within ninety days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Clarkson has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

7) Concerning a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8) Defendant shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered.

9) This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.

10) The Court grants Defendant's counsel leave to depose Plaintiff at his place of confinement. Defendant's counsel shall arrange the time for the deposition.

11) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

12) If Defendant fails to sign and return a waiver of service to the Clerk within thirty

days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that Defendant and will require that Defendant to pay the full costs of formal service under Federal Rule of Civil Procedure 4(d)(2).

13) **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

14) **The Court directs the Clerk to attempt service on Defendant under the standard procedures.**

ENTERED October 15, 2025.

s/ *Colleen R. Lawless*

———————————————————
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE